**No. 2015-1944**

IN THE

# UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

WI-FI ONE, LLC,

*Appellant,*

v.

BROADCOM CORPORATION,

*Appellee.*

*Appeal from the United States Patent and Trademark Office,*
*Patent Trial and Appeal Board in Case No. IPR2013-00601*

## SUPPLEMENTAL BRIEF OF APPELLANT
## WI-FI ONE, LLC

G. Donald Puckett
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111

Douglas A. Cawley
MCKOOL SMITH, P.C.
300 Crescent Court
Suite 1500
Dallas, TX 75201
(214) 978-4972

Peter J. Ayers
LEE & HAYES PLLC
11501 Alterra Parkway
Suite 450
Austin, TX 78758
(512) 605-0252

*Attorneys for Appellant Wi-Fi One, LLC*

## CERTIFICATE OF INTEREST

Counsel for the Appellant, Wi-Fi One, LLC, certifies the following:

The full name of every party or amicus represented by me is:

**Wi-Fi One, LLC**

The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

**Wi-Fi One, LLC**

All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

**Wi-Fi One, LLC is 100% owned by Optis Wi-Fi Holdings, LLC.**

The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this Court are:

**LEE & HAYES, PLLC**
Peter Ayers
J. Christopher Lynch
John Shumaker

**NELSON BUMGARDNER, P.C.**
Donald Puckett

**SKIERMONT DERBY LLP (formerly SKIERMONT PUCKETT LLP)**
Steven Joseph Udick
Sarah E. Spires

**MCKOOL SMITH, P.C.**
Douglas A. Cawley

i

Dated:  July 25, 2016

Respectfully submitted,

/s/ Donald Puckett
G. Donald Puckett
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111 (telephone)
(817) 377-3485  (facsimile)
puckett@nelbum.com

Douglas A. Cawley
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-4972 (telephone)
(214) 978-4044 (facsimile)
dcawley@mckoolsmith.com

Peter J. Ayers
LEE & HAYES PLLC
11501 Alterra Parkway, Suite 450
Austin, TX 78758
(512) 605-0252 (telephone)
(512) 605-0252 (facsimile)
peter@leehayes.com

*Attorneys for Appellant,*
*Wi-Fi One, LLC*

ii

## TABLE OF CONTENTS

Certificate of Interest ........................................................................................... i

I.   Introduction ..................................................................................................1

II.  Argument .....................................................................................................2

    A.   *Cuozzo* Limited § 314(d) to Issues "Closely Related" to Patentability ...2

    B.   *Cuozzo* Calls into Question the Validity of the Federal Circuit's *Achates* Decision. ....................................................................................................4

    C.   *Achates* Must Be Revised in Light of *Cuozzo*. .........................................6

    D.   Judicial Review in This Context Is the Only Safeguard of Important Procedural Rights, and to Ensure that § 315(b) Fulfills Its Purpose.....9

III. Conclusion .................................................................................................10

Certificate of Service ..........................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Achates Reference Publishing, Inc. v. Apple Inc.*,
   803 F.3d 652 (Fed. Cir. 2015).......................................................................... *passim*

*City of Arlington, Texas v. Federal Communications Commission*,
   133 S.Ct. 1863 (2013)...........................................................................................6

*Click-To-Call Technologies, LP v. Oracle Corp.*,
   No. 15-1242, Dkt. 67-2 .................................................................................1, 4, 5

*Cuozzo Speed Technologies, LLC v. Lee*,
   No. 15-4066, 579 U.S. __, 136 S.Ct. 2131 (June 20, 2016) ........................... *passim*

*Mach Mining, LLC v. E.E.O.C.*,
   135 S.Ct. 1645 (2015)........................................................................................5, 6

**Statutes**

35 U.S.C. §314(a) ..................................................................................... *passim*

35 U.S.C. § 314(d) .................................................................................... *passim*

35 U.S.C. §315(b) ..................................................................................... *passim*

**Other Authorities**

157 Cong. Rev. 9778 (2011)..................................................................................3

*Changes to Implement Inter Partes Review Proceedings,* 77 Fed. Reg. 48679,
   48695 (Aug. 14, 2012).......................................................................................8

H.R. Rep., at 45.....................................................................................................3

*Office Patent Trial Practice Guide*, 77 Fed. Reg. 48756, 48759 (Aug. 14, 2012) ..........................8

## I.    INTRODUCTION

The United States Supreme Court's recent decision in *Cuozzo Speed Technologies, LLC v. Lee,* No. 15-4066, 579 U.S. __, 136 S.Ct. 2131 (June 20, 2016) dictates that the Federal Circuit reconsider its decision in *Achates Reference Publishing, Inc. v. Apple Inc.,* 803 F.3d 652 (Fed. Cir. 2015), and exercise its appellate jurisdiction to review the § 315(b) time-bar issue presented in this case. In *Cuozzo,* the Supreme Court held, in light of both the statutory text and longstanding precedent establishing a presumption of judicial review of agency action, that the appeal bar in 35 U.S.C. § 314(d) of the Leahy-Smith America Invents Act ("AIA") is limited to appeals challenging the Patent Office's substantive patentability determination under § 314(a) and issues "closely related" thereto. *Id.* Shortly thereafter, the Supreme Court vacated another Federal Circuit decision[1] that relied predominantly on *Achates* to dismiss the appellant's challenge for lack of jurisdiction under § 314(d).  Taken together, these decisions establish that this Court needs to reevaluate the *Achates* ruling under *Cuozzo's* framework, and accept review of challenges to the Patent Trial and Appeal Board's statutory authority under 35 U.S.C. § 315(b).

*Cuozzo* implicitly overrules *Achates* because the one-year time bar of § 315(b) does not arise under "this section [§ 314]" and it is not "closely related to"

---

[1] *See Click-To-Call Technologies, LP v. Oracle Corp.,* No. 15-1242, Dkt. 67-2 (Fed. Cir. Nov. 12, 2015) (dismissing the appeal for lack of jurisdiction and relying on *Achates* to hold that § 314(d) prohibits review of decisions based on § 315(b)).

the Board's decision of whether to institute under § 314(a). *Cuozzo* ties the § 314(d) appeal bar to the Board's substantive patentability determination, and this Court already held in *Achates* that the § 315(b) time-bar is *not* related to the Board's authority to determine patentability. In addition, the placement of § 315(b)'s *limit* on the Board's authority in a separate section, rather than along with the grant of authority in § 314(a), evinces Congress's intention to allow judicial review. Moreover, the scope and impact of § 315(b) extends beyond the § 314(a) institution decision because the Patent Office allows this highly fact-dependent determination to be made in the trial phase. For each of these reasons, determinations based on § 315(b) are *not* closely related to § 314(a), and no clear and convincing evidence exists to overcome the strong presumption of judicial review of challenges to the limits of the Board's authority under § 315(b).

## II.    ARGUMENT

### A.    *Cuozzo* Limited § 314(d) to Issues "Closely Related" to Patentability

*Cuozzo* limits the reach of the 35 U.S.C. § 314(d) prohibition on appeal. The Supreme Court analyzed whether § 314(d) bars a court from considering whether the Patent Office wrongly "determin[ed] . . . to institute an inter partes review," *ibid.*, on claims from which the challenged claim depended. *Cuozzo*, 136 S.Ct. at 2136. In affirming this court's denial of appellate review, the Supreme Court limited the application of § 314(d) to instances where the patent holder merely

challenges the Board's decision to institute under § 314(a), or where its claim is "closely related" to that decision. *Id.* at 2142.

In *Cuozzo*, the patent owner challenged the Board's institution of review for certain claims from which the challenged claim depended, even though the IPR petition did not reference those claims. The Board recognized that the petition implicitly challenged the independent claims on which the challenged claim depended. This recognition was logical considering dependent claims "must 'incorporate . . . all the limitations of the claim to which it refers." *Alcon Research, Ltd. v. Apotex, Inc.*, 687 F.3d 1362, 1367 (Fed. Cir. 2012) (quoting 35 U.S.C. § 112(d)). The Supreme Court then found Cuozzo's "mine-run claim" to be "little more than a challenge to the Patent Office's conclusion, under § 314(a), that the 'information presented in the petition' warranted review." 136 S.Ct. at 2136, 2142. Thus, the Supreme Court limited its holding to reviewability of the Board's decision to institute under § 314(a) or issues "closely related" to this determination.

When analyzing the boundaries of judicial review under § 314(d), the Supreme Court gave strong consideration to the congressional objective of giving the Patent Office significant power to revisit and revise earlier patent grants. *Id.* at 2139-40 (citing H.R. Rep., at 45, 48 ("explaining that the statute seeks to 'improve of validity that comes with issued patents'"); 157 Cong. Rev. 9778 (2011) (remarks of Rep. Goodlatte) ("noting that inter partes review 'screen[s] out bad

3

patents while bolstering valid ones'"). By relying on this objective, the Supreme Court tied the limitation of judicial review to the Patent Office's ability to make its substantive patentability determination as embodied in § 314(a).

The Supreme Court, however, expressly declined to set a precise boundary between what is appealable and what is not. 136 S.Ct. at 2141. To the contrary, the Supreme Court specifically recognized that due process violations, less closely related statutes whose scope and impact extend beyond "this section," actions exceeding the Board's statutory authority, and other "shenanigans" involving institution are appealable. *Id.* at 2141-42. The Supreme Court ultimately held these independent grounds are properly reviewable following a final written decision based on § 319 and the Administrative Procedure Act. *Id.* at 2142.

**B.    *Cuozzo* Calls into Question the Validity of the Federal Circuit's *Achates* Decision.**

The Supreme Court has made it clear that the Federal Circuit must, at a minimum, reconsider its decision in *Achates*. The Supreme Court expressly stated it was not deciding the precise effect of § 314(d) on issues arising from "less closely related statutes," or questions of interpretation for which the scope and impact extend beyond "this section." *Id.* at 2141. Shortly after the Supreme Court's decision in *Cuozzo*, the Supreme Court granted Click-to-Call's petition for writ of certiorari, vacated the Federal Circuit's judgment prohibiting review of the Board's determination to initiate IPR proceedings after assessing the time-bar of §

315(b), and remanded the case "for further consideration in light of *Cuozzo* . . . ." *Click-To-Call*, No. 15-1242, Dkt. 70. These decisions direct this Court to reconsider *Achates,* and determine whether § 315(b) determinations are so "closely related" to the institution decision as to fall within § 314(d)'s purview.

In addition, the Supreme Court's decisions in *Cuozzo* and *Click-To-Call* demonstrate that the *Achates* court did not properly frame the issue. In *Achates*, the court considered whether § 315(b)'s time bar is related to the Board's authority or jurisdiction to invalidate a patent claim. 803 F.3d at 657. In doing so, the Court analyzed whether a "proper pleading" could be filed to bring it within the Board's authority. *Id. Cuozzo*, however, dictates that a correct inquiry asks whether § 315(b) is "closely related" to the Board's institution decision under § 314(a), not whether § 315(b) impacts the Board's authority to invalidate a patent claim. Therefore, the *Achates* decision rests on an improper framework.

Furthermore, the *Achates* court did not consider applicable Supreme Court precedent, as set forth in Wi-Fi One's opening brief. (Appellant Br. at 24-27.) First, the *Achates* court did not assess Congressional endorsement of the strong presumption of judicial review of agency actions. *See Mach Mining, LLC v. E.E.O.C.,* 135 S.Ct. 1645, 1651 (2015) ("Congress rarely intends to prevent courts from enforcing directives to federal agencies. For that reason, this Court applies a 'strong presumption' favoring judicial review of administrative action."). *Cuozzo*

5

adhered to this principle when limiting § 314(d) to institution decisions under § 314(a) and closely related statutes. 136 S.Ct. at 2141. Yet, in *Achates* this Court sidestepped this strong presumption of judicial review altogether.

Second, the *Achates* court framed the issue as one of invalidation jurisdiction rather than a limit on delegated authority. As the Supreme Court has declared, *all* statutory directives from Congress serve to constrain the power and authority of administrative agencies. *City of Arlington, Tex. v. F.C.C.,* 133 S.Ct. 1863, 1868-71 (2013); *see also Mach Mining*, 135 S.Ct. at 1651-53 (when considering whether a statutory limit on appeal precluded all forms of judicial review, the Court merely treated the relevant statute as a "congressional directive"). When properly reviewed as a determination of whether the Board exceeded its statutory authority (rather than an analysis of the Board's invalidation jurisdiction), judicial review is warranted under *Cuozzo* and *City of Arlington*.

This Court must now consider the strong presumption of judicial review, reframe the issues in light of *Cuozzo*, and consider whether § 315(b) is "closely related" to the Board's institution decision under § 314(a).

## C.    *Achates* Must Be Revised in Light of *Cuozzo*.

Unlike the "mine-run claim" at issue in *Cuozzo,* § 315(b)'s time bar does not relate to the Board's substantive determination of whether to institute under § 314(a), and does not implicate the Board's interpretation and application of the

patent statutes. Section 315(b), which by definition does not arise under "this section [§ 314]," operates as a separate and distinct statutory constraint on the power of the Board. Indeed, the *Achates* court held the time-bar is not related to the Board's authority to invalidate patents, which is intrinsically tied to § 314(a). *See* 803 F.3d at 657 ("the § 315(b) time bar does not impact the Board's authority to invalidate a patent claim . . . ."). Congress granted the Board the authority to initiate its patentability review in § 314(a), but prescribed a limitation to the Board's authority to act on a particular IPR in a *separate* section, § 315(b). *See Cuozzo,* 136 S.Ct. at 2151 (Alito, J., dissenting) (The IPR statute "expressly forbids the Patent Office to institute inter partes review – or even consider petitions for inter partes review – unless certain conditions are satisfied."). Judicial review will enforce this limitation and ultimately buttress Congressional objectives. *See id*. This Court's confirmation that § 315(b) does not trigger the Board's invalidation authority and the AIA's logical statutory configuration each support judicial review for issues pertaining to § 315(b).

Also, the scope and impact of the § 315(b) time-bar extend well beyond "this section" because arguments based on § 315(b) can be further advanced during the IPR trial, when § 314 is irrelevant. The Patent Office itself has declared that § 315(b) considerations are "highly fact-dependent"[2] and, as a matter of standing,

---

[2] *Office Patent Trial Practice Guide*, 77 Fed. Reg. 48756, 48759 (Aug. 14, 2012).

"may still be raised during the trial."[3] Because of the factual nature of these determinations, the patent owner may not be able to fully establish its position without discovery, which is available during the trial phase. There is no requirement or indication whatsoever that Congress intended these challenges to be forever tied to the institution decision or § 314(d). Instead, the AIA affords the patent owner a right to raise these issues in its patent owner response. Accordingly, the patent owner's ability to challenge standing and obtain discovery during trial demonstrates that § 315(b) is not a "mine-run claim" closely related to the institution decision.

Moreover, whether § 314(d) should preclude review of the time-bar determination should be considered in light of the "strong presumption of reviewability." (*See* Appellant Br. at 18-20.) As the *Cuozzo* court acknowledged, this presumption may only be overcome by "clear and convincing" evidence that Congress intended to deny judicial review of decisions involving § 315(b). *Cuozzo,* 136 S.Ct. at 2140 (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340 (1984)). Given that (1) *Cuozzo* tied the appeal bar to substantive patentability determinations; (2) the *Achates* court declared that § 315(b) does not relate to the Board's substantive authority to invalidate patents; (3) the placement of the § 315(b) limitation is in a separate "section;" and (4) the scope and impact of the §

---

[3] *Changes to Implement Inter Partes Review Proceedings,* 77 Fed. Reg. 48679, 48695 (Aug. 14, 2012).

315(b) time-bar extends into the trial phase; no clear and convincing evidence can establish Congressional intent to deny judicial review of issues under § 315(b).

**D.    Judicial Review in This Context Is the Only Safeguard of Important Procedural Rights, and to Ensure that § 315(b) Fulfills Its Purpose.**

This case offers the precise scenario the time-bar is intended to prevent. Patent Owner successfully enforced the patents at issue in district court. The time-bar precluded each of the defendants from petitioning for IPR. IPR Petitioner and Appellee Broadcom Corporation ("Broadcom"), however, was not a named defendant and filed its petitions for IPR only on the patents found to have been infringed. (*See* Appellant Br. at 5-6.)

After discovering the existence of significant relationships between Broadcom and the district court defendants, including known indemnity agreements, (*see* Appellant Br. at 6-9), Patent Owner provided significant evidence pertaining to the parties' relationships and requested additional discovery to obtain the contents of the agreements and supporting information, (A62-72 (sealed); A73-83 (redacted)). The Board, however, denied the request, (A104-120), forcing Patent Owner to advance its § 315(b) rights in its Patent Owner Response without benefit of even the known indemnity agreements. (A131-150). In its final written decision, the Board overruled Patent Owner's § 315(b) challenge, and implicitly held that none of the district court defendants is a real party-in-interest or privy of Broadcom. (A8-9.)

The Board's conduct below – in refusing to allow discovery of known indemnity agreements and determining the privity issue without taking the agreements into consideration – violated due process and important procedural rights under the APA. (*See* Appellant Br. at 32-35.) The requested discovery goes to the heart of whether the Board itself complied with the limits on its authority under § 315(b). Yet, the Board not only denied access to evidence without a reasoned explanation, but also failed to expressly decide the § 315(b) issue. (*See* Appellant Br. at 35-38; A7-8.) These procedural improprieties are precisely the type of "shenanigans" that the Supreme Court indicated are subject to appellate review. *Cuozzo,* 136 S.Ct. at 2142. This Court must safeguard these procedural rights and ensure that the Board respects the limits of its authority.

## III.    CONCLUSION

Based on the reasons set forth above, Patent Owner respectfully requests that this court reconsider its decision *Achates* in view of the *Cuozzo* framework and grant judicial review of § 315(b) issues in an appeal from a final written decision, as in this case. Doing so will protect important procedural rights without expanding the number of appeals beyond those Congress had already intended.

Dated: July 25, 2016                     Respectfully submitted,


                                         */s/ Peter J. Ayers*
                                         _____
                                         Peter J. Ayers
                                         LEE & HAYES PLLC

10

11501 Alterra Parkway, Suite 450
Austin, TX 78758
(512) 605-0252 (telephone)
(512) 605-0269 (facsimile)
peter@leehayes.com

G. Donald Puckett
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111 (telephone)
(817) 377-3485 (facsimile)
puckett@nelbum.com

Douglas A. Cawley
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-4972 (telephone)
(214) 978-4044 (facsimile)
dcawley@mckoolsmith.com

Attorneys for Appellant,
Wi-Fi One, LLC

11

# United States Court of Appeals
## for the Federal Circuit

*WiFi One, LLC v. Broadcom Corporation*, No. 2015-1944

### CERTIFICATE OF SERVICE

I, Elissa Matias, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by NELSON BUMGARDNER PC, attorneys for Appellant to print this document. I am an employee of Counsel Press.

On **July 25, 2016** counsel has authorized me to electronically file the foregoing **Supplemental Brief for Appellant, WiFi-One, LLC**, with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to any of the following counsel registered as CM/ECF users:

DOMINIC E. MASSA, ESQ.
KEVIN GOLDMAN, ESQ.
ZACHARY PICCOLOMINI, ESQ.
KATIE SAXTON, ESQ.
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
617-526-6000
dominic.massa@wilmerhale.com
kevin.goldman@wilmerhale.com
zachary.piccolomini@wilmerhale.com
kate.saxton@wilmerhale.com
*Attorneys for Appellee*

Paper copies will also be mailed to the above principal counsel at the time paper copies are sent to the Court.

Upon acceptance by the Court of the e-filed document, six paper copies will be filed with the Court within the time provided in the Court's rules.

July 25, 2016                                    /s/ Elissa Matias
                                                      Counsel Press