**Nos. 2015-1944, -1945, -1946**

# United States Court of Appeals for the Federal Circuit

WI-FI ONE, LLC,

*Appellant,*

v.

BROADCOM CORPORATION,

*Appellee,*

MICHELLE K. LEE, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,

*Intervenor.*

*Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in IPR2013-00601, IPR2013-00602, IPR2013-00636*

**BRIEF FOR FEDERAL CIRCUIT BAR ASSOCIATION AS *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY**

Doreen Y. Trujillo
dtrujillo@saul.com
Saul Ewing LLP
1200 Liberty Ridge Drive
Suite 200
Wayne, PA 19087-5569
(610) 251-5092

Rick Neifeld
rneifeld@neifeld.com
Neifeld IP Law
5400 Shawnee Road
Suite 310
Alexandria, VA 22312
(703) 415-0012

*Counsel for Amicus Curiae, Federal Circuit Bar Association*

February 22, 2017

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

| WI-FI ONE, LLC | v. | BROADCOM CORPORATION |

Case Nos. 2015-1944, -1945, -1946

**CERTIFICATE OF INTEREST**

Counsel for the:
☐ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ☒ (amicus) ☐ (name of party)

Federal Circuit Bar Association

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held Companies that own 10 % or more of stock in the party |
|---|---|---|
| Federal Circuit Bar Association | Not applicable. | None |
| | | |
| | | |
| | | |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (**and who have not or will not enter an appearance in this case**) are:

| February 22, 2017 | /s/ Doreen Y. Trujillo |
|---|---|
| Date | Signature of counsel |
| Please Note: All questions must be answered | Doreen Y. Trujillo |
| | Printed name of counsel |
| cc: | |

i

# **TABLE OF CONTENTS**

*Page*

CERTIFICATE OF INTEREST.................................................................................i

TABLE OF CONTENTS ...................................................................................... ii

TABLE OF AUTHORITIES.................................................................................. iii

INTERESTS OF AMICUS CURIAE .....................................................................1

SUMMARY OF THE ARGUMENT .....................................................................2

ARGUMENT ..........................................................................................................2

      A.     Judicial Review Should Be Available for a Patent Owner to
           Challenge the PTO's Determination that the Petitioner Satisfied
           the Timeliness Requirement of 35 U.S.C. § 315(b) Governing
           the Filing of Petitions for Inter Partes Review. .....................................2

CONCLUSION........................................................................................................9

CERTIFICATE OF SERVICE .............................................................................10

CERTIFICATE OF COMPLIANCE.....................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Achates Reference Publishing, Inc. v. Apple Inc.,*
    803 F.3d 652 (Fed. Cir. 2015).................................................................. 2, 3, 4, 6, 8

*Block v. Community Nutrition Inst.,*
    467 U.S. 340 (1984) ..............................................................................................4

*Click-to-Call Techs., LP v. Oracle Corp.,*
    No. 2015-1242, 2016 WL 6803054 (Fed. Cir. Nov. 17, 2016) .............................5

*Cuozzo Speed Technologies, LLC v. Lee,*
    136 S. Ct. 2131 (2016) ..............................................................................2-4, 6-8

*Kaley v. United States,*
    571 U.S. ___, 134 S.Ct. 1090 (2014) ..................................................................5

*Reflectone, Inc. v. Dalton,*
    60 F.3d 1572 (Fed. Cir. 1995)...............................................................................4


**STATUTES**

5 U.S.C. § 704 .......................................................................................................7

5 U.S.C. § 706(2)(c)...........................................................................................6, 7

35 U.S.C. § 303(c) .................................................................................................8

35 U.S.C. § 311 ..................................................................................................7, 8

35 U.S.C. § 312(a) ..............................................................................................7, 8

35 U.S.C. § 312(c) ..............................................................................................7, 8

35 U.S.C. § 314 ........................................................................... 2, 3, 4, 6, 7, 8

35 U.S.C. § 314(a) ................................................................................. 3, 6, 7

35 U.S.C. § 314(d) ................................................................................ 2-5, 7, 8

35 U.S.C. § 315(b) ................................................................................. 1- 6, 8

35 U.S.C. § 319 ..........................................................................................6

## **INTERESTS OF AMICUS CURIAE**[1]

Amicus curiae Federal Circuit Bar Association ("FCBA") is a national bar organization with over 2,600 members from across the country, all of whom practice or have an interest in the decisions of the Court of Appeals for the Federal Circuit ("Federal Circuit").   The FCBA provides a forum for common concerns and dialogue between the bar and judges of the Federal Circuit.  One of the FCBA's purposes is to offer assistance and advice to the federal courts, including briefs amicus curiae, on matters affecting practice before the Federal Circuit and other tribunals that address comparable subject matter.

The FCBA has a substantial interest in this patent case because of the need to reflect the important views of the Federal Circuit bar, the patent bar, patent holders, and industry.  This submission seeks to assist the court in interpreting Section 315(b) of the Patent Statute in the manner most consistent with the language of the statute itself, precedent of the Supreme Court, and the Administrative Procedure Act ("APA").[2]

---

[1] FCBA members who are Government employees played no role in deciding whether to file this Brief or in developing the content of this brief.  Furthermore, no counsel for a party authored this brief in whole or in part.  No person or entity, other than the amicus curiae, its members, or its counsel, made any monetary contribution to the preparation or submission of this brief.

[2] The Court authorized the filing of this brief "without consent and leave of court."  *Wi-Fi One, LLC v. Broadcom Corp.*, No. 2015-1944, -1945, -1946, *Rehearing En Banc Order* (Fed. Cir. Jan. 4, 2017).

1

**SUMMARY OF THE ARGUMENT**

The Court presented a single question for briefing on rehearing: Should this court overrule *Achates Reference Publishing, Inc. v. Apple Inc.*, 803 F.3d 652 (Fed. Cir. 2015), and hold that judicial review is available for a patent owner to challenge the PTO's determination that the petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) governing the filing of petitions for inter partes review ("IPR")? The answer to the Court's question is yes. The plain language of the statute, the Supreme Court's recent decision in *Cuozzo Speed Technologies, LLC v. Lee*, 136 S. Ct. 2131 (2016), and the APA support overturning *Achates* and making judicial review available for a patent owner to challenge the PTO's determination that the petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) governing the filing of IPR petitions.

**ARGUMENT**

A.    **Judicial Review Should Be Available for a Patent Owner to Challenge the PTO's Determination that the Petitioner Satisfied the Timeliness Requirement of 35 U.S.C. § 315(b) Governing the Filing of Petitions for Inter Partes Review.**

In *Achates Reference Publishing, Inc. v. Apple Inc.*, 803 F.3d 652 (Fed. Cir. 2015), this Court held that "35 U.S.C. § 314(d) prohibits this Court from reviewing the Board's determination to initiate IPR proceedings based on its assessment of the time-bar of § 315(b), even if such assessment is reconsidered during the merits phase of proceedings and restated as part of the Board's final written decision." *Id*. at 658.

2

Section 315(b) states:

> (b) PATENT OWNER'S ACTION - An inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent. The time limitation set forth in the preceding sentence shall not apply to a request for joinder under subsection (c).

35 U.S.C. § 315(b).  Section 314(d) states:

> (d) NO APPEAL. - The determination by the Director whether to institute an inter partes review *under this section* shall be final and nonappealable.

35 U.S.C. § 314(d) (emphasis added).  *Achates*' holding should be revisited in view of the plain language of the statute, the Supreme Court's subsequent decision in *Cuozzo Speed Technologies, LLC v. Lee*, 136 S. Ct. 2131 (2016), and consideration of the APA.

First, the language of Section 314(d) specifies that the only determination that is specifically nonappealable is the determination whether or not there is a reasonable likelihood that the petitioner would prevail on at least one claim. Section 314(d) states that the determination to institute "under this section," *i.e.*, Section 314, shall be final and nonappealable.  Section 314(a) sets forth the determination to be made.  Under Section 314(a), review is not authorized unless the Director determines that there is "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35  U.S.C. § 314(a).  No other

3

determinations are referenced in Section 314. Indeed, Section 314(d)'s "under this section" recitation references Section 314 only, and does not refer to Section 315. Accordingly, Section 314(d) presumptively does not apply to Section 315(b). *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1576 (Fed. Cir. 1995) (applying canon of statutory construction *inclusio unius est exclusio alterius*).

This Court reasoned, in *Achates*, that the language "under this section" modified "institute" rather than "determination" and, therefore, broadly proscribed review of the institution determination for whatever reason. *Id.* at 658. That interpretation, however, is more consistent with the *absence* of the modifying language. Regardless of which word "under this section" modifies, it does not alter the fact that only one determination is referenced in Section 314.

Second, as the Supreme Court noted in *Cuozzo*, there is a strong presumption in favor of judicial review when interpreting statutes, including statutes that attempt to limit that review. *Id.* at 2140. Indeed, as the Court also observed, this presumption can only be overcome by "clear and convincing" evidence "drawn from specific language, specific legislative history, and inferences of intent drawn from the statutory scheme as a whole." *Id.* at 2140-41 (quoting *Block v. Community Nutrition Inst.*, 467 U.S. 340, 349-50 (1984)). The Court found that Section 314(d) met this standard but, nonetheless, limited the scope of Section 314(d), finding that the statute "applies where the grounds for attacking the decision to institute inter partes review

4

consist of questions that are closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review." *Id.* at 2141. The Court emphasized the words "under this section" in Section 314(d) in support of its interpretation. *Id.* The Court further observed that "the kind of initial determination at issue here — that there is a 'reasonable likelihood' that the claims are unpatentable on the grounds asserted — is akin to decisions which, in other contexts, [the Court has] held to be unreviewable." *Id.* at 2140. (citing *Kaley v. United States*, 571 U.S. ___, ___, 134 S.Ct. 1090, 1097-1098 (2014) ("The grand jury gets to say — without any review, oversight, or second-guessing — whether probable cause exists to think that a person committed a crime").

Section 315(b) determinations, in comparison, are not closely tied to the application and interpretation of statutes related to the decision to institute an IPR, nor are they akin to the initial determinations the Court has found unreviewable in other contexts. They are not determinations "interwoven with the substance of the patentability issue." *Click-to-Call Techs., LP v. Oracle Corp.*, No. 2015-1242, 2016 WL 6803054, at *8 (Fed. Cir. Nov. 17, 2016) (Taranto J., concurring). Rather, Section 315(b) determinations relate to "the fundamental statutory basis on which Congress has authorized the Director to institute an IPR proceeding." *Id.* at *4 (O'Malley J., concurring); *see also* 35 U.S.C. § 315(b) (reciting that the IPR may not be instituted if the time bar is not met). Thus, even if the *threshold*, *i.e.*, initial,

5

requirement of Section 314(a) is met, the IPR should not proceed if it is time-barred under Section 315(b).[3]

Third, the Supreme Court emphasized that its holding does "not categorically preclude review of a final decision where a petition fails to give 'sufficient notice' such that there is a due process problem with the entire proceeding, nor does [its] interpretation enable the agency to act outside its statutory limits . . . ." *Cuozzo*, 136 S. Ct. at 2141. Such an agency determination "may be properly reviewable in the context of § 319 and under the Administrative Procedure Act, which enables reviewing courts to 'set aside agency action' that is . . . 'in excess of statutory jurisdiction' . . . ." *Id.* at 2142. Under the APA, a court may set aside agency actions that are in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. § 706(2)(c).

Section 315(b) sets a statutory time limit for persons who are served with a complaint for patent infringement to file a petition for an IPR. *Click-to-Call Techs.*, at *3 (O'Malley, J., concurring). This time limit is not, as this Court contended in *Achates*, merely a filing deadline requiring that the parties take certain actions by certain deadlines. 803 F.3d at 658. Rather, this time limit is a statutory bar. If the PTO institutes an IPR in contravention of that time limit, the institution is an agency action in excess of statutory jurisdiction, authority, or limitation, reviewable under

---

[3] *See* 35 U.S.C. § 314 (a) – "(a) THRESHOLD.-- . . ."

Section 706(2)(c) of the APA. Even if the time limit were deemed to be just procedural in nature, it is still reviewable under the APA. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704. Accordingly, this Court should review the determination to institute on that ground.

Fourth, the Supreme Court carefully cabined its holding to the precise factual situation addressed in *Cuozzo*. To be sure, the Supreme Court emphasized that "§ 314(d) bars Cuozzo's efforts to attack the Patent Office's determination to institute inter partes review *in this case*." *Id*. at 2142 (emphasis added). *Cuozzo*'s challenge was based upon Section 312(a)(3) that requires petitions to articulate the grounds for challenge with particularity. *Id.* at 2139. The Supreme Court viewed such a challenge as being based upon a statute closely related to the decision to institute inter partes review. *Id.*

There is a logical relation between Section 312(a)(3) and the Section 314(d) bar to appeal of determinations under Section 314. Section 314(a) bars appeal of determinations based upon "the information presented in the petition filed under section 311." 35 U.S.C. § 314(a). Section 312(a)(3) specifies what petitions filed under Section 311 must identify with particularity. Section 312(a) specifically refers to Section 311. Therefore, the conclusion that 314(d) bars appeal of institution

7

decisions relating to compliance with Section 312(a)(3) follows naturally from the textual relationship of these sections.

No such relationship exists between Section 315(b) and Section 314(d). Section 315(b) does not refer to Section 311. Section 315(b) does not relate to any of the requirements specified in Section 311. Instead, Section 315(b) merely bars untimely petitions.

Finally, limiting the judicial review bar to the decision to institute, or statutes closely related to the decision to institute, is more consistent with the approach taken regarding inter partes reexamination and ex parte reexamination. As the *Cuozzo* Court recognized, both of those statutes specified that only the initial determination that a petition raised a substantial new question of patentability was final and non-appealable. *Compare Cuozzo*, 136 S. Ct. at 2138 *with* 35 U.S.C. §§ 312(a), (c) (2006) (repealed) (the "determination" that a petition for inter partes reexamination "raise[s]" "a substantial new question of patentability" is "final and non-appealable"), *and* 35 U.S.C. § 303(c) (2012) (similar in respect to *ex parte* reexamination).

## CONCLUSION

For these reasons, the *en banc* Court should overrule *Achates* and hold that judicial review should be available for a patent owner to challenge the PTO's determination that the petitioner satisfied the timeliness requirement of Section 315(b) governing the filing of IPR petitions.

Dated:   February 22, 2017          Respectfully submitted,

/s/ Doreen Y. Trujillo

Doreen Y. Trujillo
dtrujillo@saul.com
Saul Ewing LLP
1200 Liberty Ridge Drive
Suite 200
Wayne, PA 19087-5569
(610) 251-5092

Rick Neifeld
rneifeld@neifeld.com
Neifeld IP Law, PC
5400 Shawnee Rd #310
Alexandria, VA 22312
(703) 415-0012

*Counsel for Amicus Curiae*
*Federal Circuit Bar Association*

9

# United States Court of Appeals
# for the Federal Circuit

*Wi-Fi One, LLC v Broadcom Corporation,* 2015-1944, -1945, -1946

## <u>CERTIFICATE OF SERVICE</u>

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by SAUL EWING, LLP, Attorneys for Amicus Curiae, Federal Circuit Bar Association to print this document. I am an employee of Counsel Press.

On **February 22, 2017,** counsel has authorized me to electronically file the foregoing **Brief of Amicus Curiae** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to all counsel registered as CM/ECF users, including the following principal counsel for the parties: as CM/ECF users, including the following principal counsel for the parties:

Dominic E. Massa
Wilmer Cutler Pickering Hale
and Dorr LLLP
60 State Street
Boston, Massachusetts 02109
617-526-6000
dominic.massa@wilmerhale.com
Principal Counsel for Appellee

Nathan K. Kelley
U.S. Patent and Trademark Office
Office of the Solicitor
PO Box 1450, Mail Stop 8
Alexandria, VA 22313
571-272-9035
nathan.kelley@uspto.gov
Principal Counsel for Intervenor

G. Donald Puckett
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
(817) 377-9111
puckett@nelbum.com1
Principal Counsel for Appellant

10

Paper copies will also be mailed to the above principal counsel on this date.

All counsel for Amicus Curiae, appearing at the time of this filing, will also be served via CM/ECF notice.

Thirty paper copies will be filed with the Court within the time provided in the Court's rules.

February 22, 2017                                   /s/ Robyn Cocho
                                                    Robyn Cocho
                                                    Counsel Press

11

## CERTIFICATE OF COMPLIANCE

I certify that this paper complies with the type-volume limitation of Fed. Cir. R. 8(b)(1) because it contains 1965 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This paper complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point, proportionally spaced typeface using Microsoft word.


Dated:   February 22, 2017                    /s/ Doreen Y. Trujillo
                                              Doreen Y. Trujillo
                                              *Counsel for Amicus Curiae*
                                              *Federal Circuit Bar Association*