**WILMERHALE**

**Dominic E. Massa**

+1 617 526 6386 (t)
+1 617 526 5000 (f)
Dominic.Massa@wilmerhale.com

July 30, 2018

The Honorable Peter R. Marksteiner
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Re:    *Wi-Fi One, LLC v. Broadcom Corporation*, Nos. 2015-1944, -1945, -1946

Dear Colonel Marksteiner:

I write on behalf of Broadcom Corporation in response to Wi-Fi's July 27, 2018 letter regarding *Applications in Internet Time, LLC v. RPX Corp.*, Case Nos. 2017-1698, et al. (Fed. Cir. July 9, 2018).  In *Applications*, citing the remand decision in this case, the Court reaffirmed that 35 U.S.C. § 315(b) requires a "flexible" approach in determining whether a non-party is a "privy" or "real party in interest."  *See* Slip op. at 13, 18, 26.  *Applications* does not support Wi-Fi's arguments—and, in fact, further supports denying rehearing—for at least the following reasons:

1.  There is no "Federal Circuit panel split" between *Applications* and the remand decision in this case, as Wi-Fi contends.  Letter at 2.  To the contrary, *Applications* cited and relied upon the remand decision here in reaching a decision based on the separate facts of that case.  *See Applications*, Slip op. at 13, 18.

2.  *Applications* did not address the Board's denial of a motion for additional discovery, or question the Board's substantial discovery-related discretion.  Moreover, *Applications* involved the Board's failure to consider, and provide a reasoned explanation regarding, various pieces of evidence in the record (slip op. at 27-29), whereas the Board here considered the complete factual record and provided a detailed explanation of its reasons for rejecting Wi-Fi's Section 315(b) arguments (*see* Broadcom Response at 9-10).  Thus, *Applications* is not, as Wi-Fi suggests, factually or legally "similar[]" to this case.

3.  Finally, *Applications* does not support Wi-Fi's untimely *Auer* argument.  *Applications* involved a challenge to the Board's interpretation of Section 315(b).  *See Applications*, Slip op. at 15-16.  Here, by contrast, Wi-Fi does not challenge the Board's interpretation of any statute or rule, and merely disputes the Board's ***application*** of its discovery rules to the facts presented; thus, *Auer* is irrelevant for the reasons Broadcom has explained.  Broadcom Response at 3-5.

Accordingly, *Applications* supports denying Wi-Fi's motion for rehearing.

WILMERHALE

July 30, 2018
Page 2


Respectfully submitted,

*/s/ Dominic E. Massa*

Dominic E. Massa

cc: Counsel of Record (via ECF)